UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAHRON BLACK,

*Plaintiff,*

– against –

3 TIMES 90, INC.,

*Defendant.*

**MEMORANDUM & ORDER**
23-cv-06235 (NCM) (CLP)

**NATASHA C. MERLE**, United States District Judge:

Plaintiff Jahron Black brings this putative class action against defendant 3 Times 90, Inc. ("3 Times 90") for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, *et seq.*, the New York State Civil Rights Law ("NYSCRL"), N.Y. Civil Rights Law §§ 40, *et seq.*, and the New York City Human Rights Law ("NYCHRL") N.Y.C. Admin. Code § 8-107, for failing to make its website accessible to people with visual impairments. *See* Amended Complaint ("AC"), ECF No. 23 ¶¶ 1–4. Defendant moves to dismiss plaintiff's complaint, arguing that it has been rendered moot through compliance with the ADA. Def. Mot., ECF No. 18-1.[1] Plaintiff opposes. Pl. Opp'n, ECF No. 20.

For the reasons stated below, plaintiff's complaint is dismissed.

---

[1] Hereinafter, the Court refers to defendant's memorandum in support of its motion to dismiss, at ECF No. 18-1, as "Def. Mot."; plaintiff's memorandum in support of his opposition to defendant's motion, at ECF No. 20, as "Pl. Opp'n"; defendant's supplemental letter brief, at ECF No. 24, as "Def. Supp. Letter,"; and plaintiff's supplemental letter brief, at ECF No. 25, as "Pl. Supp. Letter."

## BACKGROUND

Plaintiff is a visually impaired and legally blind individual who requires screen-reading software to read website content using his computer. AC ¶¶ 2, 16. Defendant 3 Times 90 is a Chinese restaurant that uses its website to advertise its menu options and its physical restaurant locations. AC ¶¶ 5–7, 10, 18. Plaintiff alleges that he made numerous attempts to visit and use 3 Times 90's website to learn about the goods and services offered. AC ¶ 36. He first attempted to visit the site on August 9, 2023, and then on August 15, 2023. AC ¶ 36. Plaintiff filed the instant action on August 18, 2023, ECF No. 1, and then he attempted to visit 3 Times 90's website again on September 12, 2024 and November 1, 2024. AC ¶ 36.

Plaintiff wishes to visit the website again because he "enjoys Chinese cuisine, especially the variety of dumpling fillings and styles" and "would like to visit one of the Defendant's physical restaurant locations." AC ¶ 37. Plaintiff claims that his screen-reading software is unable to access defendant's website, and thus he has been denied the "full enjoyment of the facilities, goods and services of 3times.com" and of the "opportunity to enjoy the facilities, goods and services of" 3 Times 90's physical locations. AC ¶ 18. Plaintiff also claims to visit the "areas in which Defendant restaurants exist very often," which when coupled with the fact that plaintiff has been recommended defendant's food "by a friend," makes plaintiff want to try defendant's food options "immediately." AC ¶ 37. Plaintiff claims he is unable to do so until he can access defendant's website. AC ¶ 37.

Defendant claims that in March 2024, after this lawsuit was initiated, it engaged the services of a third party provider to bring its website into compliance with Version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1"). Def. Mot., Ex. A, ECF No. 18-2; *see also* Def. Mot. 1. Defendant also claims to have successfully completed a Title III

compliance audit. Def. Mot., Ex. B, ECF No. 18-3; *see also* Def. Mot. 1. On June 21, 2024, defendant filed the instant motion, claiming that its compliance efforts render plaintiff's action moot. *See* Def. Mot. 1–2.[2] Oral argument was held, where the Court raised the issue of whether plaintiff had alleged an injury-in-fact sufficient to establish standing to bring the instant action. *See* ECF Minute Entry dated October 29, 2024. Following oral argument, the Court afforded plaintiff leave to file an amended complaint. Plaintiff did so, after which defendant renewed its previously filed motion to dismiss based on mootness, and filed a letter stating its position that plaintiff's amended complaint failed to demonstrate that he had suffered an injury-in-fact sufficient to confer standing. *See* AC; Def. Supp. Letter.

## LEGAL STANDARD

A district court must dismiss a case for lack of subject matter jurisdiction when it "lacks the statutory or constitutional power to adjudicate it." *Huntress v. United States*, 810 F. App'x 74, 75 (2d Cir. 2020) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).[3] In making this determination, the Court must "accept as true all material factual allegations in the complaint." *Winik v. United States*, No. 18-cv-01223, 2018 WL 3518526, at *3 (E.D.N.Y. July 20, 2018) (quoting *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992)). "The plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Huntress*, 810 F. App'x. at 75–76. In resolving a motion to dismiss under Rule 12(b)(1),

---

[2]    Throughout this opinion, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

[3]    Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

"a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

"A request for injunctive relief . . . under the ADA[ ] will only be deemed moot by a defendant's voluntary compliance with the statute if the defendant meets the 'formidable burden' of demonstrating that it is 'absolutely clear the alleged wrongful behavior could not reasonably be expected to recur.'" *Diaz v. Kroger Co.*, No. 18-cv-07953, 2019 WL 2357531, at *2 (S.D.N.Y. June 4, 2019) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., (TOC) Inc.*, 528 U.S. 167, 190 (2000)). Specifically, to moot an ADA website accessibility complaint based on the defendant's voluntary cessation, "the defendant must demonstrate that (i) there is no reasonable expectation that the alleged violation will recur and (ii) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Tavarez v. Extract Labs, Inc.*, No. 21-cv-09916, 2023 WL 2712537, at *2 (S.D.N.Y. Mar. 30, 2020) (quoting *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010)).

## DISCUSSION

### I.    Injury-in-fact

#### A.  Sua Sponte *Consideration of Subject Matter Jurisdiction*

At the outset, the Court may consider *sua sponte* whether plaintiff has sufficiently pled an injury-in-fact to support the Court's subject matter jurisdiction. Plaintiff argues that the Court should not consider whether he has sufficiently pled subject matter jurisdiction because "the defense is not properly pled or raised in the Motion to Dismiss that Defendant is relying upon." Pl. Supp. Letter 1. This argument is without merit.

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from some party." *Arbaugh v. Y&H*

*Corp.*, 546 U.S. 500, 514 (2006); *see also U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 409 (E.D.N.Y. 2020) ("This Court has an obligation to examine its subject matter jurisdiction *sua sponte.*"). Thus, "[a] challenge to standing may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Lugo v. City of Troy, New York*, 114 F.4th 80, 87 (2d Cir. 2024); *see also Tavarez v. Moo Organic Chocolates, LLC*, 623 F. Supp. 3d 365, 370 (S.D.N.Y. 2022) ("Although Defendant did not challenge Plaintiff's standing, standing is a threshold matter of justiciability, and if a plaintiff lacks standing to sue, the Court has no choice but to dismiss the plaintiff's claim for lack of subject-matter jurisdiction."); *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005) ("Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua sponte.*"). Although courts "generally accept the truth of a plaintiff's allegations at the motion to dismiss stage, the plaintiff still bears the burden of alleging facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 75 (2d Cir. 2022).

Further, plaintiff is not prejudiced by the Court's consideration of its subject matter jurisdiction at this time. Plaintiff was put on notice of the Court's concern that he does not have standing to bring this action. Specifically, at oral argument, the Court expressed skepticism as to whether plaintiff had adequately alleged an intent to return to defendant's website such that plaintiff would likely suffer future injury from the allegedly inaccessible website. Following oral argument, the Court granted plaintiff leave to amend his complaint, which plaintiff did. *See* ECF Minute Entry dated October 29, 2024; *see generally* AC. Accordingly, plaintiff was on notice of the Court's concern regarding subject matter jurisdiction and was given an opportunity to cure his pleading deficiency.

### B. *Plaintiff has not adequately alleged injury-in-fact.*

Plaintiff fails to adequately allege standing because he has not alleged facts that plausibly suggest he intends to return to defendant's website.

A plaintiff bringing a claim pursuant to the ADA has standing to sue for injunctive relief, as is sought here, if: "(1) the plaintiff allege[s] past injury under the ADA; (2) it [is] reasonable to infer that the discriminatory treatment [will] continue; and (3) it [is] reasonable to infer, based on the frequency of plaintiff's past visits and the proximity of [defendant's business] to plaintiff's home, that plaintiff intend[s] to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013). A plaintiff seeking injunctive relief "cannot rely only on past injury to satisfy the injury requirement but must show a likelihood of future harm." *Maddy v. Life Time, Inc.*, No. 22-cv-05007, 2023 WL 4364488, at *3 (S.D.N.Y. July 5, 2023) (quoting *Harty v. Simon Prop. Grp., L.P.*, 428 F. App'x 69, 71 (2d Cir. 2011)).

Pleading intent to return to a website, as opposed to a brick-and-mortar establishment, is held to a more exacting standard. *See Winegard v. Golftec Intell. Prop. LLC*, 674 F. Supp. 3d 21, 25 (E.D.N.Y. 2023). In the virtual world, the "intent to return" element requires non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the website, that the plaintiff intends to return to the website. *See Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022); *see also Zinnamon v. Satya Jewelry II, LLC*, No. 23-cv-00781, 2023 WL 3511123, at *2 (S.D.N.Y. Apr. 28, 2023). The intent to return inquiry does not require a complaint to correctly plead "the magic words" that a plaintiff intends to return. *Calcano*, 36 F.4th at 74–75. Instead, the intent to return requirement is meant to ensure that "under the totality of all

6

relevant facts, the plaintiff plausibly alleges a real and immediate threat of future injury." *Id*. Determining whether plaintiff has adequately alleged intent-to-return is a "highly fact-sensitive inquiry[.]" *Bernstein v. City of New York*, 621 F. App'x 56, 59 (2d Cir. 2015) (summary order). And the bar has been further raised "appreciably for adequately pleading standing to seek injunctive relief in ADA cases." *Hennesssy ex rel. Hennessy v. Poetica Coffee Inc.*, No. 21-cv-05063, 2022 WL 4095557, at *4 (E.D.N.Y. Sept. 7, 2022) (citing *Calcano,* 36 F.4th 68). The Second Circuit's decision in *Calcano* clarified that a professed intent to return must be supported by factual allegations that make the professed intent plausible. *Calcano*, 36 F.4th at 76–77.

Here, plaintiff's allegation that he intends to return to defendant's website is not sufficiently supported by factual allegations. *See Suris v. Crutchfield New Media, LLC*, No. 22-cv-06961, 2023 WL 3792512, at *3 (E.D.N.Y. June 2, 2023) (finding plaintiff failed to establish injury-in-fact because he did not offer any non-conclusory factual allegations that "demonstrate[d] a plausible intention to return to Defendant's website but for the barriers to access"). In his amended complaint, as in his original complaint, plaintiff states that he will visit 3 Times 90's website again because he enjoys Chinese cuisine, especially dumplings, *see* AC ¶ 37, likes "exotic food and unique atmosphere," *see* AC ¶ 37, and would like to visit one of defendant's physical restaurant locations, *see* AC ¶¶ 10, 37. The only additional factual allegations in plaintiff's amended complaint are that he "visits the areas in which Defendant restaurants exist very often as they are popular neighborhoods for leisure and shopping," and that he has "been recommended Defendant's food by a friend" which makes him "want to try Defendant's food options immediately." AC ¶ 37. Yet, despite this, plaintiff alleges that he "needs to access Defendant's website independently" prior to trying defendant's food options in one of

defendant's unspecified restaurants. AC ¶ 37. In sum, plaintiff alleges he likes Chinese cuisine, defendant's food comes recommended, he frequents the areas where defendant's restaurants are located and would like to try the food provided at defendant's restaurants. These assertions do not create a plausible inference that plaintiff intends to return to defendant's website for several reasons.

First, plaintiff does not allege that he wishes to order food for delivery from defendant or make a reservation on defendant's website—instead, his complaint implies that he is aware of the locations of defendant's restaurants and wishes to visit them in person. *See* AC ¶ 37. Plaintiff conclusorily argues that in order to do so, he "needs to access Defendant's website independently just as any sighted consumer would." Pl. Supp. Letter 2. However, plaintiff has not clearly alleged why his inability to access and utilize defendant's website prevents him from visiting the defendant's physical restaurant locations. Plaintiff does not allege that defendant's restaurants are physically inaccessible to him because the website is inaccessible. For example, plaintiff does not claim that he has attempted, and failed, to make a reservation through defendant's website, which could be an indication that defendant's inaccessible website is impeding plaintiff's ability to visit the restaurant. *Cf. Dawkins v. Brandy Libr. Lounge, LLC*, No. 23-cv-00207, 2023 WL 8455896, at *2, 4–6 (E.D.N.Y. Dec. 6, 2023) (finding standing where plaintiff alleged he wished to visit defendant restaurant but was unable to review defendant's menu and make a reservation for dinner on defendant's website).

Next, plaintiff alleges that he has been recommended defendant's food by a friend, and that he visits the "areas in which Defendant restaurants exist very often." AC ¶ 37. Plaintiff's recommendation from a friend might show why plaintiff wants to visit defendant's restaurants as opposed to the many other Chinese dumpling options, which

may indicate why plaintiff desires to return to the website. However, the Court is skeptical of plaintiff's professed desire to "try Defendant's food options immediately," given the fact that plaintiff has received a recommendation for defendant's restaurants and frequently visits the areas where the restaurants are located, yet does not allege that he has ever attempted to go to the restaurants to try the food. *See* AC ¶ 37. Indeed, it appears that plaintiff is aware of the locations of defendant's restaurants given that he frequents the popular areas where the restaurants are located. *See* AC ¶ 37. If plaintiff wishes to try defendant's Chinese food options, and frequently visits areas near defendant's restaurants, it is unclear why plaintiff has never attempted to visit defendant's restaurants, a fact which belies his professed intent to visit defendant's restaurant and, by extension, defendant's website. *See Winegard*, 674 F. Supp. 3d at 25 (finding the fact that plaintiff had never patronized defendants' locations undermined his claimed intent to return to defendants' website).

Further, plaintiff has failed to show that he took any steps to obtain location and menu information for defendant's restaurants elsewhere. This failure, despite his interest in trying the food options "immediately," *see* AC ¶ 37, undermines his purported intent to return to the website so that he can visit the restaurant.[4] In a factually similar case where

---

[4]    The Court notes that this action is one of 27 cases plaintiff filed between March 2023 and March 2024 in this district. *See Black v. Jerr Shoes, Inc.*, No. 23-cv-01588 (filed March 1, 2023); *Black v. Sam Ash Music Corp*, No. 23-cv-01592 (filed March 1, 2023); *Black v. Schaller Mfg. Corp.*, No. 23-cv-01594 (filed March 1, 2023); *Black v. Empire Holdings and Invs., LLC*, No. 23-cv-01612 (filed March 2, 2023); *Black v. Sherry-Lehmann, Inc.*, No. 23-cv-01792 (filed March 8, 2023); *Black v. MPM Enters., Inc.*, No. 23-cv-02047 (filed March 16, 2023); *Black v. Shinola/Detroit, LLC*, No. 23-cv-02049 (filed March 16, 2023); *Black v. Cookies Kids.com, Inc.*, No. 23-cv-02209 (filed March 22, 2023); *Black v. Great Jones Spa, LLC*, No. 23-cv-02562 (filed April 4, 2023); *Black v. NYC Fireplaces and Outdoor Kitchens, LLC*, No. 23-cv-03167 (filed April 26, 2023); *Black v. Charles R Gracie & Sons, Inc.*, No. 23-cv-03218 (filed April 28, 2023); *Black v.*

a person who was legally blind sued a restaurant for an inaccessible website, *Martin v. Brooklyn Bagel & Coffee Co., Ltd.*, the court found that the plaintiff failed to allege Article III standing based on a similar failure. No. 24-cv-03758, 2024 WL 4827737 (E.D.N.Y. Nov. 18, 2024). In *Martin*, as here, the plaintiff had never visited the restaurant. The plaintiff in *Martin* alleged that he was denied the benefit of obtaining location and menu information from the restaurant's website, but that once the website became accessible, he would obtain that information to visit the bagel store. *Id.* at *1. The court in *Martin* persuasively highlighted that plaintiff did not allege that he took any steps to obtain the information elsewhere, "despite his purportedly urgent desire to obtain that information so that he can visit defendant's stores." *Id.* at *5. The court found that this failure undermined plaintiff's assertions that he intended to return to defendant's website.

---

*De Gournay, Inc.*, No. 23-cv-03221 (filed April 28, 2023); *Black v. Edison Mgmt. Co., LLC*, No. 23-cv-03952 (filed May 26, 2023); *Black v. Peter Luger, Inc.*, No. 23-cv-04076 (filed June 1, 2023); *Black v. George Super TopCo, LLC*, No. 23-cv-04207 (filed June 7, 2023); *Black v. Angelina Bryant Park, LLC*, No. 23-cv-04440 (filed June 15, 2023); *Black v. Billy Reid, Inc.*, No. 23-cv-04647 (filed June 22, 2023); *Black v. Divyas Kitchen, LLC*, No. 23-cv-04695 (filed June 23, 2023); *Black v. Astor Wines & Spirits, Inc.*, No. 23-cv-04920 (filed June 30, 2023); *Black v. Beacons Closet, Inc.*, No. 23-cv-04938 (filed June 30, 2023); *Black v. Euromarket Designs, Inc.*, No. 23-cv-04943 (filed June 30, 2023); *Black v. J. Press, Inc.*, No. 23-cv-06238 (filed August 18, 2023); *Black v. Sabon Web, LLC*, No. 23-cv-08091 (filed Oct. 30, 2023); *Black v. Labor Skateboard Shop, Inc.*, No. 24-cv-01360 (filed Feb. 23, 2024); *Black v. JC Wine & Spirits, Inc.*, No. 24-cv-01744 (filed March 8, 2024).

All of these complaints allege that the defendants failed to make their websites accessible to individuals with visual impairments. Plaintiff's status as a "serial plaintiff" does not preclude a finding that he has standing. *See Loadholt v. Oriental-Decor.com Inc.*, No. 22-cv-08205, 2024 WL 78243, at *6 (S.D.N.Y. Jan. 4, 2024), *report and recommendation adopted*, 2024 WL 247107 (Jan. 23, 2024). However, the Court is not required to "ignore the broader context" of plaintiff's several lawsuits, and, importantly, the fact that they appear to be based on "cut-and-paste and fill-in-the-blank pleadings." *Calcano*, 36 F.4th at 77; *see also Dominguez v. Athleta LLC*, No. 19-cv-10168, 2021 WL 918314, at *3 (S.D.N.Y. Mar. 10, 2021) (finding that plaintiff's 24 nearly identical complaints undermined the sincerity of plaintiff's alleged intent to return to defendant's business).

Moreover, plaintiff has not alleged that defendant's restaurants are the only locations that have the Chinese cuisine, in particular the dumplings, and unique atmosphere that he is in search of. And he does not allege that he has attempted to find this cuisine elsewhere, undermining his claim that he will suffer future injury. If it is Chinese cuisine plaintiff wants, there is an abundance of options in this jurisdiction and New York City at large. *See Martin*, 2024 WL 4827737, at *6 (noting the "thousands of other breakfast options available in New York"); *see also Loadholt v. Dungarees, Inc.*, No. 22-cv-04699, 2023 WL 2024792, at *3 (S.D.N.Y. Feb. 15, 2023) (finding plaintiff's purported intent to return to website undermined by failure to allege he searched for comparable products and was unable to find them at a comparable price point); *Toro v. Gen. Store, LLC*, No. 22-cv-06130, 2023 WL 4624690, at *4 (S.D.N.Y. July 19, 2023) (finding lack of standing despite allegations of desire to return to defendant's website to buy a specific item, where item was available for purchase elsewhere).

Thus, considering the totality of the relevant facts, plaintiff has failed to plausibly suggest that he intends to return to defendant's website and accordingly has failed to show a risk of future harm that is "sufficiently imminent and substantial" to establish standing. *Calcano*, 36 F.4th at 75.

## II.    Mootness

As plaintiff has failed to allege an injury-in-fact sufficient to establish standing, the Court is precluded from exercising subject matter jurisdiction over this action. Where, as here, a court "must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990).

Accordingly, the Court declines to consider defendant's argument that plaintiff's claims are moot due to defendant's changes to the accessibility features of its website.

### III.    Remaining causes of action

Plaintiff's remaining causes of action, for violations of the NYSHRL, NYSCRL, and NYCHRL all arise under state law. Plaintiff's complaint alleges that the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367.

Having failed to allege a viable claim arising under federal law, and finding that the parties do not appear to be diverse on the face of plaintiff's complaint, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims. *See* U.S.C. § 1367(c); AC ¶¶ 14–15, 17 (stating that plaintiff resides in New York State and defendant is incorporated and does business in New York State); *see also Klein & Co. Futures, Inc. v. Bd. of Trade of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

### CONCLUSION

For the reasons stated above, defendant's motion to dismiss is GRANTED. Plaintiff's complaint is hereby dismissed. The Clerk of Court is respectfully directed to enter judgment and close this case.

**SO ORDERED.**

_/s/ Natasha C. Merle_____
NATASHA C. MERLE
United States District Judge

Dated:    April 15, 2025
          Brooklyn, New York